José Bas Aquilar, demandante y apelado, *v.* Junta de Retiro de los Funcionarios y Empleados Permanentes del Gobierno Insular, compuesta por Manuel V. Domenech, Charles H. Terry, José G. López, Dr. E. Garrido Morales y Pablo L. Sosa, demandada y apelante.

No. 6654.—*Sometido:* Marzo 17, 1936. *Resuelto:* Abril 24, 1936.

*Hon. Procurador General B. Fernández García (Benjamin J. Horton en el alegato) y T. Torres Pérez, Subprocurador, abogados de la apelante; L. Tirado Géigel, abogado del apelado.*

El Juez Asociado Señor Córdova Dávila, emitió la opinión del tribunal.

José Bas Aquilar solicita de la Corte de Distrito de San Juan la expedición de un auto de *mandamus* ordenando a la Junta de Retiro de los Funcionarios y Empleados del Gobierno Insular de Puerto Rico que proceda a decretar el retiro del demandante por separación involuntaria del servicio de acuerdo con la ley.

Alega el peticionario que desempeñó el cargo de secretario de la Corte Municipal de Bayamón desde el 3 de octubre de 1916 hasta el 21 de abril de 1932; que con anterioridad a

esa fecha, cuando se hallaba ejerciendo el cargo mencionado, dirigió a la Junta demandada una solicitud de retiro por separación involuntaria de acuerdo con el artículo 9 de la Ley núm. 104 de 1925; que hizo dicha solicitud porque estaba próximo a vencer el término de cuatro años por el cual fué nombrado para el referido cargo; que nunca ha manifestado su voluntad de abandonar el cargo mencionado, y que por el contrario, abrigaba el propósito de continuar desempeñándolo; que la Junta demandada denegó la solicitud por entender que un funcionario nombrado por un término fijo no debe considerarse como separado involuntariamente al vencerse el término de su nombramiento y que ha solicitado varias veces, sin éxito alguno, la reconsideración de dicho acuerdo.

La corte inferior, después de oír a las partes, expidió un auto perentorio de *mandamus* ordenando a la Junta que procediera a decretar el retiro del peticionario por separación involuntaria del servicio con la pensión que le corresponde de acuerdo con la ley. De esta sentencia apeló la referida Junta alegando que el tribunal sentenciador cometió error al interpretar el artículo 9 de la Ley núm. 104 de 1925 (pág. 949), declarando que sus disposiciones son aplicables al presente caso, y al decretar el auto perentorio de *mandamus* solicitado por el peticionario.

El artículo que se considera erróneamente interpretado dice así:

"Si un funcionario o empleado de cuarenta o más años de edad, a quien esta Ley sea aplicable, después de haber servido por un período total no menor de quince años y antes de tener derecho al retiro, fuese separado involuntariamente por cualquier motivo, excepto destitución, del servicio civil clasificado o no clasificado tendrá derecho a una pensión vitalicia anual igual al dos (2) por ciento del promedio de sus sueldos o compensaciones básicas anuales durante los siete últimos años de servicios computables, multiplicado por el número de años de servicios. Si un funcionario o empleado que recibe una pensión de acuerdo con las disposiciones de esta sección, retornase al servicio activo, su pensión cesará y él contribuirá otra vez al

fondo de retiro de los funcionarios y empleados del Servicio Civil en la misma forma y en igual proporción en que hacía antes de ser separado del servicio. En la época de su subsiguiente retiro se le acreditarán los servicios prestados antes de su separación del Gobierno y los prestados después de haber vuelto al servicio activo.''

El artículo anteriormente transcrito, en vigor cuando el peticionario quedó separado de su empleo y cuando se inició esta acción, tiende a proteger a todo funcionario o empleado que, no teniendo aún derecho al retiro, pero que tenga cuarenta o más años de edad y haya servido por un período no menor de quince años, sea separado involuntariamente del servicio por cualquier motivo, excepto destitución.

La única cuestión a decidir en este caso es si el peticionario, habiendo expirado el término del cargo para el cual fué nombrado y no habiendo sido nombrado nuevamente, a pesar de estar dispuesto a continuar en el desempeño del mismo, puede considerarse separado involuntariamente del servicio.

A juicio de la Junta apelante no puede entenderse que un funcionario o empleado ha quedado separado de su cargo por el vencimiento del término del mismo. La separación es actuación de parte y nunca puede resultar de la expiración del término. Para la parte apelada no es lo mismo separación del servicio, como dice la ley, que separación del cargo. El precepto legal citado se refiere a una separación involuntaria del Servicio Civil, por cualquier motivo excepto destitución, y según la parte apelada el vencimiento del término no implica precisamente que dicho funcionario o empleado abrigue la certeza y convicción de que habrá de abandonar el servicio del gobierno. Por el contrario, parece lo natural que un individuo que ha dedicado ya quince años de su vida a servir al gobierno, tienda a continuar prestando sus servicios al mismo y lo espere así en ausencia de circunstancias que le induzcan a abandonarlo por su propia determinación. Dicho funcionario o empleado puede ser nombrado o transferido a otro puesto en el gobierno, y continuar en el Servicio

Civil, a pesar de estar próximo a expirar o haber expirado el término por el cual fué nombrado.

La cuestión planteada merece ser cuidadosamente estudiada. El empleado que acepta un cargo que tiene un término fijo, sabe que al expirar ese término puede recibir un nuevo nombramiento o cesar en sus funciones por haberse nombrado a otra persona en su lugar. ¿Constituye la pérdida del empleo en estas condiciones una separación involuntaria del cargo? No conocemos ninguna decisión judicial que haya resuelto esta cuestión hasta la fecha. La corte de distrito en su decisión cita dos opiniones que emanan de la oficina del "Comptroller General" interpretando el artículo 7 del "Retirement Act" del gobierno federal. Dicho artículo dice en parte como sigue:

"Si algún funcionario de cincuenta y cinco años de edad o más, a quien esta Ley se aplica, después de haber servido por un período total de no menos de veinte años y de venir a ser elegible para el retiro, bajo las condiciones definidas en el artículo 1ro., es *separado involuntariamente del servicio,* no mediante destitución por causa debido a mala conducta o delincuencia, tal empleado tendrá derecho a que se le pague a su elección . . ." (Bastardillas nuestras.)

Como se ve, la ley federal usa las mismas palabras de nuestra ley: "involuntariamente separado del servicio."

El "Comptroller General", en el caso de Jacob Levensen, resuelto en 20 de diciembre de 1932, dijo lo siguiente en una opinión:

"Desde luego, 'involuntariamente separado del servicio' quiso referirse primeramente a separaciones del servicio por razones administrativas sobre las cuales el empleado no tiene control, tales como carencia de trabajo o de fondos, reducción en la fuerza, etc., pero la excepción expresa de separaciones involuntarias dentro del significado de la ley de 'destitución por causa mediante cargo de mala conducta o delincuencia' indica, conforme a la máxima legal *expressio unius est exclusio alterius,* que todas las separaciones del servicio contra la voluntad o sin el consentimiento del empleado que no sean decretadas por causas basadas en mala conducta y delincuencia deben ser clasificadas como involuntarias."

El "Comptroller General" interino, en 11 de noviembre de 1933, se expresó así:

"La expiración del período por el cual se hizo un nombramiento· temporero constituye una involuntaria separación dentro del significado del artículo 8°. de la ley de junio 16, 1933, y el artículo 7 de ley de mayo 29, 1930, 64 Stat. 474."

También el Procurador General de Pennsylvania, citado· en Corpus Juris (Cyc. Service ann. 1927–1931, p. 2569), se expresa así interpretando una disposición similar a la contenida en el artículo 9 de la Ley de Retiro:

"¿Podemos nosotros decir que la cesación de un hombre en el servicio es voluntaria cuando él no ha ejercido otro acto de voluntad en el asunto. que aquél que pueda estar envuelto en su consentimiento a figurar como candidato para un cargo electivo que tiene un término definido? En el 'Century Dictionary and Cyclopedia' la palabra 'voluntary' se define como sigue: 'Que emana de la voluntad;. que se ha hecho de nuestro propio acuerdo o se debe a nuestra propia elección; libre de intervención extraña, fuerza o influencia; no· impuesto, hecho o sugerido por otro; espontáneo, de propio acuerdo,. libre.'

"Al dar efecto al lenguaje que la legislatura usó con la manifiesta intención de cubrir a todas las personas en la asociación de retiro, parece razonable concluir que cuando el término de un funcionario electivo, que no se haya sucedido a sí mismo expira, su cesación en el servicio debe ser considerada como no voluntaria. Es interesante saber que las autoridades de Nueva York han dado a la expresión 'discontinued from service through no fault of his own', una interpretación similar.

"El mismo razonamiento se aplica y la misma conclusión debe· establecerse en el caso de un funcionario nombrado por un término· definido. El puede no continuar en el servicio de su propio acuerdo. El poder que nombra, al tiempo de la expiración del término, puede· solamente determinar si él va a continuar en su posición. La conclusión sería distinta, desde luego, si el funcionario decidiera ofrecer su renuncia al expirar su término o con anterioridad. Esta acción, formalmente tomada, sería evidencia de una cesación voluntaria." 12 Dist. & Co Reports, 206

Las opiniones del "Comptroller General" y del Procurador General de Pennsylvania, si bien carecen del alcance

de una decisión judicial, pueden tener para nosotros el peso de su razonamiento. El precepto legal que venimos comentando ofrecía al funcionario o empleado de cuarenta años o más una pensión vitalicia habida cuenta de los servicios prestados por un período no menor de quince años. Los servicios recibidos por el gobierno, una vez transcurrido este período, no varían por el hecho de que el empleado haya desempeñado su cargo por un término fijo o por un tiempo indefinido. No hay razón aparente para establecer distinciones. No la hay tampoco para mediante una interpretación restrictiva privar a un empleado o funcionario de los beneficios de la ley. Esta pensión se concede únicamente al funcionario o empleado separado involuntariamente por cualquier motivo excepto destitución. El presente caso no cae dentro de la excepción porque el peticionario no ha sido destituído. Se trata de un caso de separación y si ésta ha sido involuntaria no puede negarse el derecho al retiro y a percibir la pensión. La voluntad del peticionario no ha tenido intervención alguna en su cesantía, según se deduce de las alegaciones de la demanda. Quedó separado del cargo al expirar su término por actos ajenos a su voluntad ejercitados contra sus propios deseos.

*Debe confirmarse la sentencia apelada.*